UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

LEON E. KNORPS, Individually, and
ELAINE KNORPS, as his wife,

      Plaintiffs,

vs.

HOLIDAY CVS, LLC, d/b/a CVS STORE
#3258,

      Defendant.

_____/

## **DEFENDANT HOLIDAY CVS, LLC'S**
## **NOTICE OF REMOVAL**

Defendant, HOLIDAY CVS, LLC ("CVS"), hereby files this, its Notice

of Removal, for the above styled cause pursuant to 28 U.S.C. §§ 1332, 1441,

and 1446 from the Circuit Court of the Twelfth Judicial Circuit in and for

Sarasota County, Florida, Case No.: 2020-CA-001649, in which this action is

pending, to the United States District Court, Middle District of Florida, Tampa

Division, and in support thereof states the following:

      1.     This cause is an action for negligence filed by Plaintiffs, Leon E.

Knorps and his wife, Elaine Knorps ("Plaintiffs"), in the Circuit Court of the

Twelfth Judicial District in and for Sarasota County Florida, Case No: 2020-CA-001649. Specifically, Plaintiffs allege that CVS's negligence resulted in personal injury to Leon E. Knorps and damage to him and his wife. A copy of the state court Complaint is attached to this Notice of Removal. *See* **Exhibit "A."**

2.    Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Filing Notice of Removal is attached hereto and will be promptly filed with the Clerk of the Twelfth Judicial Circuit in and for Sarasota County, Florida, along with a duplicate copy of this Notice of Removal, and served on Plaintiffs through their attorney of record, M. David Shapiro, Esquire, Shapiro Delgado, 308 Cocoanut Ave., Sarasota, FL 34236. *See* **Exhibit "B."**

3.    As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the aforementioned state court action are attached hereto. *See* **Composite Exhibit "C."**

4.    The Complaint was filed by Plaintiffs in state court on April 8, 2020, and served on CVS on July 1, 2020. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely, as it is being filed within thirty (30) days after CVS's receipt of the Complaint on July 1, 2020, setting forth the claim for relief on which this action is based.

5.     This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. Pursuant to 28 U.S.C. § 1441(b), suits that do not arise under federal law are removable if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The only further requirement for diversity jurisdiction is that the amount in controversy exceed $75,000.00.

6.     There is complete diversity of citizenship between Plaintiffs and Defendant. 28 U.S.C. § 1332(a)(3).

7.     Plaintiffs allege at all times material hereto, Plaintiffs were residents of the State of Florida. *See* Complaint ¶¶ **3–4.**

8.     Defendant, CVS, is not a citizen of Florida, although organized under the laws of the State of Florida, because its sole member, CVS Pharmacy, Inc., maintains its principal place of business at One CVS Drive, Woonsocket, Rhode Island. For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004).

9.    In addition, Plaintiffs maintain that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiffs' Complaint estimates damages in excess of the minimal jurisdictional limits of the state circuit court ($30,000.00), and based on the nature of the damages alleged in the complaint, the amount in controversy exceeds the sum of $75,000.00.

10.    Plaintiffs allege that CVS's electronic glass doors shut on Leon E. Knorps, causing him to fall and sustain "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or the aggravation of a previously existing condition," these losses being permanent. *See* Complaint ¶ 13. In addition, Plaintiffs allege Elaine Knorps suffered "the loss of her husband's care, comfort, society, attention, and consortium." *See* Complaint ¶ 22.

11.    CVS understands that Leon E. Knorps was 77 years old at the time of the incident and was diagnosed with a hip fracture, underwent surgery, and was at a rehabilitation center.

12.    Where damages are unspecified, the removal scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires the court to apply the

preponderance burden by reviewing the propriety of removal on the basis of the removing documents. *Weisler v. Safeco Ins. Co. of Ill.*, 14-CV-81107-RYSKAMP/HOPKINS, 2014 WL 12452096, *1 (S.D. Fla. Nov. 14, 2014). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Id*. (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007)).

13.     Here, according to Plaintiffs' Complaint and the representations of Plaintiffs' counsel, there is no dispute that the amount in controversy exceeds the sum of $75,000.00. *See Wilssens v. Medtronic, Inc*., 09–60792–CIV, 2009 WL 9151079 (S.D. Fla. July 23, 2009) (district court concluded that it was facially apparent that plaintiff's claimed damages exceeded $75,000 where plaintiff, based on a theory of tort recovery, claimed electrical shocks from an allegedly defective defibrillator, bodily injury, pain and suffering, disability, mental anguish, the expense of hospitalization, and loss of the ability to earn money, and alleged the damages were permanent and continuing)—citing *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (affirming district court's conclusion that it was facially apparent that plaintiff's claimed damages exceeded $75,000 where, based on slip and

fall, complaint alleged injuries to her right wrist, left knee and patella, and upper and lower back, and sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement) and *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999) (affirming district court's conclusion that it was facially apparent that claims exceeded $75,000; "In the complaint, based on a tort theory of recovery, appellant alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization. Therefore, the district court had jurisdiction to decide the merits of the case.").

14.    No previous application has been made for the relief requested herein.

15.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

16.    The allegations of this notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Florida.

17.    If any question arises as to the propriety of the removal of this action, CVS requests the opportunity to present a written brief and oral argument in support of its position that this case is removable.

18.    As such, CVS seeks to remove this action pursuant to 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE**, Defendant, HOLIDAY CVS, LLC, prays that the civil action filed by Plaintiffs in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida be removed to this Court as provided by 28 U.S.C. § 1441, et. seq., and that this Court accept jurisdiction of this action.

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that the foregoing has been [mailed/hand delivered] to the Clerk of the Court and mailed via US Mail and electronic mail to: M. David Shapiro, Esquire, Shapiro Delgado, 308 Cocoanut Ave., Sarasota, FL 34236; <u>ashapiro@getmejustice.com; laniea@getmejustice.com</u>; on this 21st day of July, 2020.

<u>*R. Gavin Mackinnon*</u>
R. Gavin Mackinnon, Esquire
Florida Bar No. 0227810
KELLEY KRONENBERG, P.A.
Attorneys for Defendant
20 North Orange Avenue, Suite 1207
Orlando, FL 32801

Phone: (407) 648-9450
Fax: (407) 648-4167
Primary Email: RGMeservice@KelleyKronenberg.com
Correspondence Email:
gmackinnon@kelleykronenberg.com